IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY J. HESTER-JACKSON,<br>a/k/a "JESS," a/k/a "JAZZY;"<br>LARECO JABAR KOGER, JR.,<br>a/k/a "R.J.;"<br>VICTOR NICHOLAS WAKEFIELD;<br>CURTIS CAMERON WELLS;<br>ALICIA DAWN STANDISH;<br>STORM GREY CLOUD;<br>JAZMIN VELMA LAMBERT;<br>DANIEL GLENN WELLS; and<br>DEMARCO DAWN RITTER,<br>a/k/a "M.J." | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violations: 21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(C), 846, and 853; and 18<br>U.S.C. § 2 |

## COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone**

The Grand Jury Charges:

Beginning in or about 2016 and continuing until the date of this Indictment, in the District of North Dakota, and elsewhere,

JEFFREY J. HESTER-JACKSON, a/k/a "JESS," a/k/a "JAZZY;"
LARECO JABAR KOGER, JR., a/k/a "R.J.;"
VICTOR NICHOLAS WAKEFIELD;
CURTIS CAMERON WELLS;
ALICIA DAWN STANDISH;
STORM GREY CLOUD;
JAZMIN VELMA LAMBERT;
DANIEL GLENN WELLS; and
DEMARCO DAWN RITTER, a/k/a "M.J.,"

knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did distribute, and possess with intent to distribute, pills containing a detectable amount of oxycodone, a Schedule II controlled substance in Bismarck, North Dakota; Minot, North Dakota; New Town, North Dakota; and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

4. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of controlled substances;

5. It was further a part of said conspiracy that one or more conspirators traveled by airline, automobile, and other means of transportation between,

       and within, Michigan and North Dakota, and elsewhere, to obtain and distribute pills containing oxycodone, and to transport the proceeds from distribution activity;

6. It was further a part of said conspiracy that one or more conspirators utilized apartments, hotels, and residences located in and near Bismarck, North Dakota; Minot, North Dakota; New Town, North Dakota, and elsewhere, to possess, store, conceal, and distribute pills containing oxycodone, and to store and conceal the proceeds of pill distribution activity; and,

7. It was further a part of said conspiracy that one or more conspirators collected money from other persons in order to purchase pills containing oxycodone;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## COUNT TWO

**Distribution of Oxycodone**

The Grand Jury Further Charges:

Beginning in or about 2016 and continuing until the date of this Indictment, in the District of North Dakota, and elsewhere,

>JEFFREY J. HESTER-JACKSON, a/k/a "JESS," a/k/a "JAZZY;"
>LARECO JABAR KOGER, JR., a/k/a "R.J.;"
>VICTOR NICHOLAS WAKEFIELD;
>CURTIS CAMERON WELLS;
>ALICIA DAWN STANDISH;
>STORM GREY CLOUD;
>JAZMIN VELMA LAMBERT;
>DANIEL GLENN WELLS; and
>DEMARCO DAWN RITTER, a/k/a "M.J.,"

individually, and by aiding and abetting, knowingly and intentionally distributed a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THREE

**Possession of Oxycodone with Intent to Distribute**

The Grand Jury Further Charges:

On or about March 22, 2017, in the District of North Dakota, and elsewhere,

DANIEL GLENN WELLS,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 30 pills containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR

**Possession of Oxycodone with Intent to Distribute**

The Grand Jury Further Charges:

On or about March 29, 2017, in the District of North Dakota, and elsewhere,

JEFFREY J. HESTER-JACKSON, a/k/a "JESS," a/k/a "JAZZY,"

knowingly and intentionally possessed with intent to distribute approximately 1,650 pills containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE

### Possession of Oxycodone with Intent to Distribute

The Grand Jury Further Charges:

On or about March 30, 2017, in the District of North Dakota, and elsewhere,

STORM GREY CLOUD,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 54 pills containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

<u>COUNT SIX</u>

**Possession of Oxycodone with Intent to Distribute**

The Grand Jury Further Charges:

On or about April 4, 2017, in the District of North Dakota, and elsewhere,

CURTIS CAMERON WELLS and
ALICIA DAWN STANDISH,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 10 pills containing a detectable amount of oxycodone, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION

The Grand Jury Further Find Probable Cause That:

As a result of committing one or more of the controlled substance offenses alleged in Counts One, Two, and Four of this Indictment, JEFFREY J. HESTER-JACKSON, a/k/a "JESS," a/k/a "JAZZY," shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One, Two, and Four of this Indictment, including but not limited to the following:

> A sum of money representing the amount of gross proceeds derived and obtained as a result of the offenses alleged in Counts One, Two and Four of this Indictment.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant JEFFREY J. HESTER-JACKSON, a/k/a "JESS," a/k/a "JAZZY," up to the value of the above-listed forfeitable property;

In violation of Title 21, United States Code, Section 853.

                                A TRUE BILL:

                                /s/ Grand Jury Foreperson
                                Foreperson

/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
United States Attorney

RLV/am